# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 7917 | **DATE** | 11/14/2000 |
| **CASE TITLE** | Kennedy vs. Village of Oak Lawn | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons set forth on the attached order, defendant's motion to dismiss is denied as to Counts 1, 2 and 3. Count 4 and 5 are dismissed without prejudice for lack of subject matter jurisdiction. Defendants are directed to answer Count 1, 2 and 3 on or before 11/27/00. The case is set for a status hearing on 12/5/00 at 9:30 a.m. for the purpose of setting a discovery schedule.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | NOV 16 2000 | |
| | Notified counsel by telephone. | | date docketed | 16 |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 00 NOV 15 PM 3:57 | | |
| OR | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ESTHER KENNEDY ) <br> ) <br> Plaintiff, ) <br> ) <br> ) <br> ) <br> v. ) <br> ) <br> ) <br> VILLAGE OF OAK LAWN, a ) <br> municipal corporation, ERNEST F. ) <br> KOLB, individually and as President of ) <br> the Village of Oak Lawn, JEANNE ) <br> FOODY GALZIN, individually and as ) <br> Health and Sanitation Inspector of the ) <br> Village of Oak Lawn, and JOHN DOES ) <br> 1-20, ) <br> Defendants. ) <br> ) | Case No. 99 C 7917 |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff Esther Kennedy filed a five-count complaint against the Village of Oak Lawn, its president, Ernest F. Kolb, and its Health and Sanitation Inspector, Jeanne Foody Galzin, alleging that the defendants violated 42 U.S.C. § 1983 by depriving Kennedy of her property without due process of law (Count 1). Kennedy also asserts state law claims for trespass (Count 2), and conversion (Count 3). Finally, Kennedy claims the defendants violated the Illinois and the United States Constitutions by taking her property without just compensation (Counts 4 and 5). All of Kennedy's claims arise out of defendants' destruction of Kennedy's commercial property pursuant to a "fast track" demolition program authorized by Section 11-31-1(e) of the Illinois

1

Municipal Code as adopted by the Village's Municipal Code. Section 11-31-1(e) authorizes municipalities to "expedite the removal of certain buildings that are a continuing hazard to the community in which they are located." 65 ILCS 5/11-31-1(e). Defendants have moved to dismiss the amended complaint. The Court denies defendants' motion in part and grants it in part.

## FACTUAL BACKGROUND

Kennedy was the owner of an unoccupied former auto repair shop located at 5901 West 87th Street in Oak Lawn, Illinois (the "Property"). On October 12, 1998, the Village sent Kennedy a letter informing her that the Property had been designated a "dangerous, abandoned structure." Compl. Ex. A. The notice further listed violations that, unless corrected within seven days, would result in the Village taking legal action to effect the immediate demolition of the Property. *Id.*

On November 2, 1998, Galzin sent Kennedy a second notice informing her that

> [p]ursuant to Section 11-31-1(e) of the Illinois Municipal Code, 65 ILCS 5/11-31-1(e), unless the building located at or on the property is demolished, repaired, or enclosed, and unless any and all hazardous, noxious, or unhealthy substances or materials are removed from the property within thirty (30) days following your receipt of this letter, so that an immediate and continuing hazard to the community no longer exists, the Village of Oak Lawn intends to undertake such demolition, repair and/or clean-up.

Compl. Ex. B. The notice instructed Kennedy to call Galzin's office with any questions regarding the notice. *Id.*

Kennedy alleges that because the notices were incorrectly addressed, she did not receive them until December 9, 1998. Compl. ¶12. Upon receipt of the notices, Kennedy telephoned Galzin's offices to determine what measures were necessary to correct the defects in order to avoid demolition. Pl.'s Resp. at 4. Kennedy then completed all of the required tasks. *Id.* On

2

December 24, 1998, however, the Village demolished Kennedy's property without further notice to Kennedy. Compl. ¶ 14; Pl.'s Resp. at 4.

## DISCUSSION

The purpose of a motion to dismiss is not to decide the merits of the challenged claims but to test their sufficiency under the law. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In deciding a motion to dismiss, the Court reads the complaint liberally, dismissing only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which entitles him to relief." *Conley v. Gibson*, 355 U.S. 41, 45 (1957). "A complaint may not be dismissed unless it is impossible to prevail under any set of facts that could be proved consistent with the allegations." *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000) (quoting *Albiero v. City of Kankakee*, 122 F.3d 417, 419 (7th Cir. 1997)). Additionally, a plaintiff may supplement her complaint with additional facts in an affidavit or brief in order to defeat a motion to dismiss if these facts are consistent with the allegations of the complaint. *Hentosh v. Herman M. Finch University*, 167 F.3d 1170, 1173 n.3 (7th Cir. 1999); *Albiero v. City of Kankakee*, 122 F.3d 417, 419 (7th Cir. 1997).[1] With these standards in mind, the Court assesses the defendants' motion to dismiss.

---

[1] Under this standard, the Court will consider facts alleged in Kennedy's response to the motion to dismiss concerning the action Kennedy says she took upon receiving notice of the Village's intention to demolish the Property. These facts are consistent with Kennedy's allegation that the Village failed to give her proper notice of the demolition of her property. *See* Compl. ¶ 30.

3

I.  **Kennedy's Due Process Claim (Count 1)**

In Count 1 of her complaint, Kennedy alleges that defendants violated her due process rights by depriving her of her property without providing adequate notice or a meaningful opportunity to be heard. Compl. ¶¶ 30, 31. Defendants argue that Kennedy waived her due process claims by failing to utilize pre-deprivation remedies; that she fails to set forth a claim because adequate post-deprivation remedies exist; and that the Court should abstain from exercising its jurisdiction pursuant to the abstention doctrine established by *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943).

A.  **Waiver of Constitutional Claim**

The Court disagrees with defendants' contention that Kennedy waived her constitutional claims by failing to file an objection to the proposed demolition with a "court of competent jurisdiction" as permitted by section 11-31-1(e) of the Illinois Municipal Code. Neither the notices attached to Kennedy's complaint nor section 11-31-1(e) states that the sole pre-deprivation remedy is to file a lawsuit. Rather, the November 2, 1998 notice informed Kennedy that the Village would take action unless Kennedy "demolished, repaired, or enclosed" the building herself -- indicating that there would be no demolition if repairs were made. Compl. Ex. B. Section 11-31-1(e) likewise tells a property owner that she may avoid demolition by undertaking to repair the building herself: "If the building is not demolished, repaired, or enclosed . . . within 30 days of mailing the notice to the owners of record . . . the corporate authorities shall have the power to demolish, repair, or enclose the building." 65 ILCS 5/11-31-1(e).

Kennedy alleges that she contacted the Village's Health and Sanitation Department to notify them of her intention to repair the building and to ascertain what steps were necessary to

4

avoid demolition. Pl.'s Resp. at 4. Further, Kennedy states that she completed all of the required tasks set forth by the Village, thereby doing what the notice and the language of section 11-31-1(e) said she had to do to avoid demolition. *Id.* These facts militate against waiver of Kennedy's constitutional due process claim. Kennedy's claim, at least in part, is premised on the proposition that the notice did not advise her that her property was subject to demolition even if she performed the necessary repairs. *See McCullough v. City of Chicago*, 971 F. Supp. 1247, 1250-51 (N.D. Ill. 1997) (holding that similar allegations stated a claim). Under the circumstances, the fact that she did not take the matter to a local court – a step that the notice suggested she would not have to take if she made the repairs – did not constitute a waiver or forfeiture of her due process claim.

## B. Adequacy of Post-Deprivation Remedies

Second, the Court disagrees with the defendants' contention that Kennedy's due process claim is doomed because state post-deprivation remedies exist. In advancing this argument, defendants rely primarily on *Parratt v. Taylor*, 451 U.S. 527 (1981) and *Hudson v. Palmer*, 468 U.S. 517 (1984).

In *Parratt*, prison officials lost a hobby kit that had been mailed to an inmate. 451 U.S. at 529. The Supreme Court found that the prison officials' conduct had not violated the inmate's due process rights because the conduct was not the result of "established state procedure" but rather constituted the "unauthorized failure of agents of the state to follow established state procedure." *Id.* at 543. Based on this analysis, the state's post-deprivation remedies for the unpredictable deprivation were held sufficient to protect the inmate's due process rights. *See id.* at 543-44. In *Hudson*, the Supreme Court extended the *Parratt* reasoning in holding that "random

5

and unauthorized . . . intentional deprivations" do not violate procedural due process rights provided that adequate state post-deprivation remedies exist. 468 U.S. at 533. Although defendants do not argue that their demolition of Kennedy's building was "random and unauthorized," they nonetheless contend that Kennedy's procedural due process claim must be dismissed because Illinois provides a post-deprivation remedy, namely a common law action for trespass.

The Court finds that *Parratt* and *Hudson* do not control this case for the reasons enunciated in *Zinermon v. Burch*, 494 U.S. 113, 136 (1990). In *Zinermon*, the Supreme Court held that a mental patient sufficiently stated a claim under Section 1983 for violation of his due process rights where he was "deprived of a substantial liberty interest without either valid consent or an involuntary placement hearing [] by the very state officials charged with the power to deprive mental patients of their liberty and the duty to implement procedural safeguards." 494 U.S. 113, 138. In reaching its holding, the *Zinermon* court articulated that post-deprivation remedies are insufficient to protect plaintiffs' due process rights when three conditions are present: (1) the deprivation is foreseeable or predictable; (2) pre-deprivation process is possible and practicable; and (3) the state officials' conduct is not "unauthorized." *Id.* at 136-38.

We cannot conclude that Kennedy will be unable to meet these conditions. First, the deprivation of her property was not unpredictable; defendants are claimed to have ordered the demolition of the property. Second, pre-deprivation process was possible in this case and, in fact, was provided for in the Village's Municipal Ordinance and section 11-31-1(e) of the Illinois Municipal Code. *See id.* at 137. Further, there is nothing in plaintiff's complaint that suggests the presence of an emergency requiring quick action or immediate demolition of the property,

6

situations which might compel the application of *Parratt*. For this reason, this case is nothing like *Harris v. City of Akron*, 20 F.3d 1396, 1404-05 (6th Cir. 1994), cited by defendants, in which the emergency demolition of a building without notice based on an imminent hazard to public safety was held not to violate due process. The court concluded that under the circumstances, there was no opportunity for notice and a pre-deprivation hearing, and that the "necessity of quick action," *see Parratt*, 451 U.S. at 539, combined with the availability of a post-deprivation remedy, satisfied due process. *Harris*, 20 F.3d at 1404. *Compare Catanzaro v. Weiden*, 140 F. 3d 91, 95 (2d Cir. 1998) (rejecting *Harris* in a similar case in which plaintiff argued that there was no true emergency).

Finally, we are unable to say that defendants' conduct in ordering the demolition was "random and unauthorized" in the sense contemplated by *Parratt* and *Hudson*. Kennedy alleges that the demolition was carried out pursuant to the Village's established policies and procedures and that the decision to destroy Kennedy's property was within the discretion afforded to the defendants under the Village's Municipal Ordinance and section 11-31-1(e). Compl. ¶¶ 20-24. As in *Zinermon*, here Kennedy alleges that "[t]he State delegated to [defendants] the power and authority to effect the very deprivation complained of here." *Id.* at 138. *See also Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 436 (1982) (post-deprivation remedies do not satisfy due process where a deprivation of property is caused by conduct pursuant to established state procedure, rather than random and unauthorized action); *Wilson v. Civil Town of Clayton, Indiana*, 839 F.2d 375, 379 (7th Cir. 1988) (noting that *Parratt* applies only to random and unauthorized deprivations); *McCullough*, 971 F. Supp. at 1251.

We hasten to note that we reach these conclusions based entirely on the allegations in plaintiff's complaint, as supplemented in her response to the motion to dismiss. It conceivably may develop that the destruction of plaintiff's property after she had made the necessary repairs was the result of an unpredictable administrative snafu rather than an established procedure. If so, *Parratt* may turn out to have an impact on Kennedy's ability to maintain her claim. *See Yates v. Jamison*, 782 F.2d 1182, 1184-85 (4th Cir. 1986).

For these reasons, the Court rejects defendants' argument that Kennedy's due process claims should be dismissed because of the existence of state post-deprivation remedies.

### C. Abstention

Finally, the Court concludes that abstention under the principles articulated in *Burford v. Sun Oil Co.*, 319 U.S. 315 (1943) and its progeny is inappropriate in this case. "Abstention from the exercise of federal jurisdiction is the exception, not the rule." *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 813 (1976). Indeed, "the doctrine of abstention is 'an extraordinary and narrow exception to the duty of a District Court to adjudicate a controversy properly before it' and may be invoked only in those 'exceptional circumstances' in which surrendering jurisdiction 'would clearly serve an important countervailing interest.'" *International College of Surgeons v. City of Chicago*, 153 F.3d 356, 360 (7th Cir. 1996) (quoting *County of Allegheny v. Frank Mashuda Co.*, 360 U.S. 185, 188-89 (1959)).

In *Burford*, the Texas legislature had created a complex administrative scheme for addressing issues concerning local oil drilling, in which direct review of permits was concentrated in a designated state court charged with acquiring a "specialized knowledge" of the administrative regulations and the oil industry. 319 U.S. at 327. The Sun Oil Company filed a complaint in

federal court challenging an administrative order granting Burford a permit to drill four oil wells in an East Texas oil field. *Id.* at 316-17. The *Burford* court held that abstention was appropriate because the state provided a comprehensive mechanism for the formation of policy and because judicial review of administrative orders by the specialized state court was "expeditious and adequate," whereas review by the federal courts would cause "[d]elay, misunderstanding of local law, and needless federal conflict with the State policy." *Id.* at 334, 327.

The Seventh Circuit has identified two circumstances in which *Burford* abstention is appropriate. First, "we should abstain from deciding difficult questions of state law bearing on policy problems of substantial public import whose importance transcends the result of in the present case." *Hartford Casualty Insurance Co. v. Borg-Warner Corp.*, 913 F.2d 419, 425 (7th Cir. 1990) (citing *New Orleans Public Service Inc. v. Council of City of New Orleans*, 491 U.S. 350, 360 (1989)). Second, we should abstain "from the exercise of federal review that would be disruptive of state efforts to establish a coherent policy with respect to a matter of substantial public concern." *Id.*

Defendants argue in favor of the second type of *Burford* abstention, contending that this matter presents local concerns regarding the Village's ability to control the danger presented by abandoned buildings within its limits. The presence of a local concern by itself, however, is insufficient to invoke *Burford* abstention. The Seventh Circuit has identified two essential elements of *Burford* abstention: (1) the state must offer some forum in which claims may be litigated; and (2) "that forum must be special – it must stand in a special relationship of technical oversight or concentrated review to the evaluation of those claims." *Property & Casualty Insurance Ltd. v. Central National Ins. Co. of Omaha*, 936 F.2d 319, 323 (7th Cir. 1991). "The

9

ability to point to a specialized proceeding is a prerequisite of, not a factor in, the second type of *Burford* abstention." *Id.*

Here, there is no forum that stands in a "special relationship of technical oversight or concentrated review" of claims arising from Fast Track demolition proceedings. *Id.* Rather, the Illinois Municipal Code provides only that a property owner wishing to object to the demolition of his or her property may file a complaint with an unspecified "court of competent jurisdiction" or seek "a hearing" before "a court." 65 ILCS 5/11-31-1(e). Because there is no specialized proceeding or forum for addressing claims pursuant to section 11-31-1(e), *Burford* does not require this Court to abstain from exercising its jurisdiction over this case.

## II. Kennedy's Taking Claims (Counts 4 and 5)

Counts 4 and 5 of Kennedy's complaint allege taking of her property without just compensation in violation of the Fifth Amendment of the United States Constitution (Count 5) and Article I of the Illinois Constitution (Count 4). Because these claims present special ripeness issues due to the fact that the Fifth Amendment does not require pretaking compensation or process, *see Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172, 195 n.14 (1985) (citing *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1016 (1984)), the Court considers these claims separately from the procedural due process claims. The Court finds that Kennedy's taking claims are premature and thereby dismisses Counts 4 and 5 without prejudice for the reasons discussed below.

### A. Kennedy's Federal Taking Claim (Count 5)

Ripeness is an element of the case or controversy requirement of Article III of the United States Constitution which the Court must consider before dealing with the merits of the claims.

10

*Unity Ventures v. County of Lake*, 841 F.2d 770, 774 (7th Cir. 1988). In *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000), the court stated that constitutional taking claims are subject to a "special ripeness doctrine" under *Williamson*. Under this doctrine, "if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." *Williamson*, 473 U.S. at 195. This is so because the Fifth Amendment "does not proscribe the taking of property; it proscribes taking without just compensation." *Id.* at 194 (citing *Hodel v. Virginia Surface Mining and Reclamation Ass'n, Inc.*, 452 U.S. 264, 297 n.40 (1981)). *See Watson v. City of Chicago*, No. 98 C 6482, 2000 WL 51633, *2 (N.D. Ill. April 27, 2000) (applying the *Williamson* ripeness doctrine to taking claim involving the destruction of a building pursuant to section 11-31-1(e) of the Illinois Municipal Code).

Under *Williamson*, the Seventh Circuit has identified two requirements that must be met before a federal court may adjudicate a taking claim: (1) the final decision requirement, which requires a plaintiff to allege that he or she received a "'final decision' from the relevant government entity," *Forseth*, 199 F.3d at 372 (quoting *Williamson*, 473 U.S. at 186-87); and (2) the exhaustion requirement, which requires the plaintiff to seek "compensation through the procedures the State has provided for doing so." *Id.* In this case, Kennedy meets the final decision requirement because the demolition of her property constitutes a physical invasion and, therefore, a "final decision." *See Wisconsin Central Ltd. v. Public Service Commission*, 95 F.3d 1359, 1368 (7th Cir. 1996); *Forseth*, 199 F.3d at 372 n.12. Kennedy's taking claim, however, fails to meet the exhaustion requirement of the ripeness test because Kennedy fails to allege that she sought compensation in state court for the destruction of her property.

Illinois provides an adequate procedure for seeking just compensation following the government's taking of private property. Kennedy may, for example, file an inverse condemnation action against the Village to seek just compensation for the destruction of her property. *See Westwood Forum, Inc. v. City of Springfield*, 261 Ill. App. 3d 911, 922, 634 N.E.2d 1154, 1162 (1994). Because Kennedy's complaint fails to allege any attempt to pursue an inverse condemnation action or seek just compensation in state court, her federal taking claim is unripe. Accordingly, Count 5 is dismissed without prejudice for lack of subject matter jurisdiction.

### B. Kennedy's Illinois Taking Claim (Count 4)

In Count 4, Kennedy has alleged a taking claim under Article I of the Illinois Constitution, which states that "[p]rivate property shall not be taken or damaged for public use without just compensation as provided by law." Under Illinois law, "[t]he taking of property in the constitutional sense is accomplished only by the filing of a petition, the ascertainment of value, and the payment of just compensation." *Kleinschmidt Inc. v. County of Cook*, 287 Ill. App. 3d 312, 317, 678 N.E.2d 1065, 1068 (1997), *cert. denied*, 522 U.S. 1117 (1998). Indeed, "[n]o 'taking' occurs until either a purchase or sale agreement is negotiated and executed or until condemnation proceedings, including payment, are concluded." *Forest Preserve District of Du Page County v. Brookwood Land Venture*, 229 Ill. App. 3d 978, 982, 595 N.E.2d 136, 140 (1992). Because Kennedy's complaint does not allege that any of this has occurred, her taking claim under the Illinois Constitution is also unripe and must be dismissed without prejudice.

12

## III. Kennedy's State Law Claims (Counts 2 and 3)

In Counts 2 and 3 of her complaint, Kennedy has brought state common law claims for trespass and conversion arising out of defendants' demolition of her property. Under 28 U.S.C. § 1367(a), the Court is permitted to exercise supplemental jurisdiction over claims "that are so related to claims in the action within [its] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." Here, as discussed above, the Court has original jurisdiction over Kennedy's § 1983 claim for violation of procedural due process. Because Kennedy's state law claims arise out of the same set of facts as her § 1983 claim, it is proper to exercise supplemental jurisdiction over those claims. Accordingly, we decline to dismiss Counts 2 and 3.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss is denied as to Counts 1, 2 and 3. Counts 4 and 5 are dismissed without prejudice for lack of subject matter jurisdiction. Defendants are directed to answer Counts 1, 2 and 3 on or before November 27, 2000. The case is set for a status hearing on December 5, 2000 at 9:30 a.m. for the purpose of setting a discovery schedule.

Dated: November 14, 2000

MATTHEW F. KENNELLY
United States District Judge