Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 7917 | **DATE** | 8/24/2001 |
| **CASE TITLE** | Kennedy vs. Village of Oak Lawn | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. For the reasons set forth on the attached order, the Court grants in part and denies in part defendants' motion to strike evidence obtained in violation of the Illinois Eavesdropping Statute (27-1) and their motion to strike plaintiff's response to defendant's statement of material facts (26-1, 2); denies defendants' motion to strike Richard Kennedy's declaration (28-1); grants defendants' motion for partial summary judgment (19-1). Dates for filing pretrial order and trial are vacated. Judgment is entered in favor of defendants on Count 1 of plaintiff's amended complaint and Counts 2 and 3 are dismissed for lack of subject matter jurisdiction.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | AUG 27 2001 | |
| | Notified counsel by telephone. | | date docketed | 36 |
| ✓ | Docketing to mail notices. | | *nm* | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING | | |
| OR | courtroom deputy's initials | 01 AUG 24 PM 4: 06 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ESTHER KENNEDY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 99 C 7917 ) |
| VILLAGE OF OAK LAWN, ERNEST F. KOLB, JEANNE FOODY GALZIN, and JOHN DOES 1-20, | ) ) ) ) |
| Defendants. | ) ) |

**DOCKETED**
AUG 2 7 2001

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff Esther Kennedy owned an abandoned building (a former auto body shop) on West 87th Place in Oak Lawn, Illinois. On November 2, 1998, the Village of Oak Lawn sent Kennedy's husband Richard a notice stating that it had determined that the building "constitutes an immediate and continuing hazard to the surrounding community" and that pursuant to section 11-31-1(e) of the Illinois Municipal Code, 65 ILCS 5/11-31-1(e), unless the building was demolished, repaired, or enclosed, and all hazardous materials removed within thirty days, the Village would undertake to demolish the building.

Kennedy contends that she remedied the violations that the Village had identified but that the Village nonetheless demolished the building on December 24, 1998. She has asserted a claim under 42 U.S.C. §1983 against the Village and two of its officials for violation of her due process rights as well as common law claims of trespass and conversion. Defendants have moved for summary judgment on Kennedy's federal claim.

## Discussion

**1.     Defendants' motions to strike**

We first address the several motions to strike filed by defendants. First, they have moved to strike tape recordings that Richard Kennedy surreptitiously made of phone conversations with Village officials, arguing that recording the conversations violated Illinois' anti-eavesdropping statute, 720 ILCS 5/14-2. Plaintiff does not dispute that the statute applies to her §1983 claim just as it applies to her state law claims. We grant the motion as to all conversations that were taped, *see* 720 ILCS 5/14-5, but deny it with regard to recordings of any messages left on the Kennedys' answering machine, as the person leaving the message obviously knew he or she was being recorded. We assume, however, that even without the tapes Richard Kennedy would testify about the conversations in a manner consistent with the transcripts and have applied that assumption in addressing defendants' summary judgment motion.

Defendants have also moved to strike parts of Kennedy's response to defendants' statement of material facts and her statement of additional material facts filed pursuant to N.D. Ill. LR 56.1(b)(3). The Court agrees with defendants that certain of Kennedy's responses to defendants' statement include factual assertions that are unsupported by record references. That is improper. The Court therefore strikes the factual assertions contained in Kennedy's responses to paragraphs 11, 15, 17, 20, 23, and 27 of defendants' statement of material facts (most of these assertions are quibbles over the specific dates of events and are not really all that significant in the scheme of things). In addition, some of the assertions in Kennedy's statement of additional facts are really arguments about what the facts mean or what the law requires; these likewise are improper. The Court therefore strikes paragraphs 54, 58, 72, and the first sentence of paragraph

2

63 of plaintiff's statement of additional facts. The motion is otherwise denied.

Finally, defendants have moved to strike Richard Kennedy's declaration because it does not state that it is based on personal information and is not notarized. The Court denies the motion. The context of the declaration reflects that Mr. Kennedy has personal knowledge of the matters that he addresses. In addition, Mr. Kennedy expressly signed the declaration on penalty of perjury. In this case, the absence of notarization is of no consequence. Its purpose is to provide verification that the affiant is the person he claims to be and actually took an oath. We have been given no reason to doubt either of these points with regard to Mr. Kennedy's affidavit.

## 2. Motion for summary judgment

Summary judgment is appropriate if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

To avoid summary judgment on her due process claim, Kennedy must provide evidence from which a reasonable jury could conclude that she was deprived of property without sufficient procedural protections. *See Ostergren v. Village of Oak Lawn*, 125 F. Supp. 2d 312, 319 (N.D. Ill. 2000) (citations omitted). Due process ordinarily requires that the state provide a person with notice and an opportunity to be heard at a meaningful time and in a meaningful manner before it deprives the person of her property. *Id.; Fuentes v. Shevin*, 407 U.S. 67, 80 (1972); *McKenzie v. City of Chicago*, 973 F. Supp. 815, 817 (N.D. Ill. 1997).

In an earlier ruling in this case, the Court made some comments regarding the issue of the adequacy of notice. Defendants had moved to dismiss Kennedy's due process claim pursuant to Rule 12(b)(6), arguing (among other things) that Kennedy had "waived" her claim of due process by failing to take advantage of the opportunity accorded to her by state law to challenge the

3

demolition by filing an action in state court. The Court said the following in rejecting this argument as a basis for dismissal under Rule 12(b)(6):

> Kennedy states that she completed all the required tasks set forth by the Village, thereby doing what the notice and the language of section 11-31-1(e) [of the Illinois Municipal Code] said she had to do to avoid demolition. [Pl.'s Resp. at 4.] These facts militate against waiver of Kennedy's due process claim. Kennedy's claim, at least in part, is premised on the proposition that the notice did not advise her that her property was subject to demolition even if she performed the necessary repairs. *See McCullough v. City of Chicago*, 971 F. Supp. 1247, 1250-51 (N.D. Ill. 1997) (holding that similar allegations stated a claim). Under the circumstances, the fact that she did not take the matter to a local court – a step that the notice suggested she would not have to take if she made the repairs – did not constitute a waiver or forfeiture of her due process claim.

*Kennedy v. Village of Oak Lawn,* No. 99 C 7917, 200 WL 1721044, at *2 (N.D. Ill. Nov. 16, 2000).

In her response to defendants' summary judgment motion, Kennedy has not pressed the theory of inadequate notice upon which the Court premised its denial of her motion to dismiss. In other words, she has not argued that the evidence shows that the notice was inadequate in the manner suggested in our ruling. Perhaps this is because the evidence has not borne out that theory; perhaps it is for some other reason. Whatever the reason, however, Kennedy has not pursued the theory described in the Court's ruling. The Court will not resurrect what Kennedy has chosen to inter.

Kennedy has not, however, entirely abandoned the Court's ruling. In her response to defendants' summary judgment motion, she argues that "[t]he law of this case, established by defendants' motion to dismiss, is that if Mrs. Kennedy made the repairs: 1) she doesn't have to go to court and 2) the Village can't tear down her building." Pltf's Response at 2. The Court disagrees. First of all, a ruling denying a motion to dismiss ordinarily does not constitute the

"law of the case." *See, e.g., Curran v. Kwon*, 153 F.3d 481, 486 (7th Cir. 1998). Second, the Court did nothing more than deny a motion to dismiss, and in so doing liberally construed the complaint in Kennedy's favor. We did not address whether the evidence would support the theory we referenced. At the summary judgment stage, of course, we evaluate evidence, not allegations.

Finally, Kennedy has misread the Court's ruling. We did not say that tearing down the building even after Kennedy made repairs would be a violation of her federal procedural due process rights. Our comments concerned the adequacy of notice and the "waiver" issue, not the propriety of the demolition. Demolishing a building that did not meet the state law requirements for demolition might be a violation of state law, but that does not make it a violation of constitutional procedural due process requirements. "Due process does not guarantee correct outcomes in every case; that would make every error of state law that deprived a person of liberty or property a federal constitutional error, which is an absurd proposition." *Del's Big Saver Foods, Inc. v. Carpenter Cook, Inc.*, 795 F.2d 1344, 1350 (7th Cir. 1986) (citation omitted). Rather, due process concerns the adequacy of notice and the opportunity to be heard. Thus even if the Village erroneously demolished Kennedy's building despite its compliance with state and local law, that by itself would not have been a violation of her procedural due process rights. Thus although we agree with Kennedy that there is a genuine issue of fact as to whether her property had been brought into compliance with state law at the time of the demolition, that issue is not material with regard to her procedural due process claim, and only material fact issues preclude summary judgment.

We proceed to deal with the arguments made by defendants in support of their motion for

5

summary judgment.

Defendants have persisted in giving their primary argument the title "waiver." But it is clear from the text of their argument that they are contending not just that Kennedy waived her due process claim by failing to seek a hearing, but also that she received adequate notice and that state law provided her with an opportunity to be heard that satisfied due process. *See* Dfdt. SJ Mem. at 4-7, 7-8; Dfdt. Reply Mem. at 8, 10. If this is so, Kennedy's due process rights were not violated even though she may have failed to avail herself of the opportunity to be heard that was provided by state law. *See Ostergren,* 125 F. Supp. 2d at 319, 321-22.

The notice that Kennedy received advised her that the property was a hazard to the community and that the Village would demolish it unless it was demolished, repaired, or enclosed, and all hazardous materials removed, within 30 days. It also cited the statute upon which the Village based its authority to act, 65 ILCS 5/11-31-1(e). In short, the notice advised her of what the Village proposed do to, its basis for the proposed action, and its legal authority for acting.

The notice provided by the Village did not tell Kennedy what she needed to do to challenge the Village's proposed action. The Village argues that the form of the notice is prescribed by statute and that the statute does not provide for notification of the available remedies. But 11-31-1(e) provides the minimum requirements for notice; it does not preclude a municipality from giving the property owner more information. There is nothing in the statute that precluded the Village from including in its notice some mention of the right to take the matter to court. We can see no good reason for the Village to omit this from its notice; the City of Chicago's notices of proposed demolition under the same statute "tell the owners that they can

6

obtain a hearing by filing suit in an appropriate court, and that a suit automatically blocks demolition until the judge decides whether the building meets the statutory criteria for demolition." *See McKenzie v. City of Chicago,* 118 F.3d 552, 554 (7th Cir. 1997). One would think that as a matter of basic fairness, a municipality proposing to take such drastic action against its residents and property owners would want to advise them of their rights. In this case, however, we are required to determine not whether notification of the available remedies is a good idea, but whether it is required by law.

In *Memphis Light, Gas and Water Division v. Craft,* 436 U.S. 1 (1978), the Supreme Court considered the adequacy of the notices sent by a public utility when it proposed to shut off a customer's utility service due to non-payment. The notice described what the utility company proposed to do and why, but like the notice sent to Kennedy it did not describe the procedures available for disputing the company's claims (in that case, an administrative procedure established by the utility company). Rather, similar to Kennedy's notice, it simply told the customer to pay up or face shut-off. The Court held that the notice did not comport with due process requirements, stating that "[t]he purpose of notice under the Due Process Clause is to apprise the affected individual of, and permit adequate preparation for, an impending 'hearing.' Notice in a case of this kind does not comport with constitutional requirements when it does not advise the customer of the availability of a procedure for protesting a proposed termination of utility service as unjustified." *Id.* at 14-15 (footnote omitted).

*Memphis Light* might be thought to require the Village to describe in some way what a building owner must do to challenge the Village's proposed demolition of the owner's property. But recently, the Court held that *Memphis Light's* requirements do not apply when the available

procedure is one that is established by and described in state statutes. In *City of West Covina v. Perkins*, 525 U.S. 234 (1999), the Court addressed whether a notice of seizure given to a person whose property was seized pursuant to a warrant failed to comport with due process requirements because it did not identify or describe the procedures for seeking return of the property. The Ninth Circuit, relying on *Memphis Light*, had held that the notice was defective. But the Supreme Court reversed, holding that there was no basis to "requir[e] individualized notice of state-law remedies which ... are established by published, generally available state statutes and case law." *Id.* at 241. The Court distinguished *Memphis Light*, saying that in that case it had relied "not on any general principle that the government must provide notice of the procedures for protecting one's property interests but on the fact that the administrative procedures at issue were not described in any publicly available document." *Id.* at 242. It went on to state that *Memphis Light* "does not support a general rule that notice or remedies and procedures is required." *Id.*

Though the notice sent to Kennedy did not describe the procedure for challenging in state court the Village's proposed actions, it did cite section 11-31-1(e), which if consulted by Kennedy would have told her what she had to do. As Judge Castillo stated in *Ostergren*, "[a]fter receiving the several notices sent to them by Galzin, Plaintiffs had over thirty (30) days to read the [statute], which would have informed them of their ability to seek a hearing, and halt the demolition process." *Ostergren*, 125 F. Supp. 2d at 322. This Court agrees, and concludes that the Village's notice to Kennedy comported with the requirements of due process. *See Ostergren*, 125 F. Supp. 2d at 319-21; *see also Samuels v. Meriwether*, 94 F.3d 1163, 1167 (8th Cir. 1996). ("Because the [plaintiffs] had actual notice that the City intended to condemn the building, there

was no procedural due process violation.").

The Court further concludes that the opportunity to be heard provided by section 11-31-1(e) met the requirements of due process. In this regard, we again agree with Judge Castillo's decision in *Ostergren*, which like this case involved a demolition by the Village of Oak Lawn pursuant to section 11-31-1(e). The statute provides that the owner can file an objection in "an appropriate form in a court of competent jurisdiction," and that if the owner does so and serves a copy of the complaint on the chief executive officer of the municipality, the municipality must halt any demolition actions. 65 ILCS 5/11-31-1(e). Kennedy does not contend that she was subject to any impediment that might have made it difficult for her to challenge the matter in court. And as we have stated, her failure to avail herself of the procedural opportunities provided by state law does not in any way suggest that those procedures are constitutionally deficient.

For these reasons, the Court grants summary judgment on Kennedy's procedural due process claim.

In her response to defendants' motion for summary judgment, Kennedy raised a new claim, namely that the Village had acted in an arbitrary and capricious manner by "continually upp[ing] [its] demands" as Kennedy attempted to correct the conditions originally noted by the Village. *See* Pltf. Response at 11-15. This is a claim of denial of "substantive" due process, not procedural due process. *See Centres, Inc. v. Town of Brookfield, Wisconsin*, 148 F.3d 699, 704 (7th Cir. 1998). We agree with defendants that the claim asserted by Kennedy in her amended complaint appears to be a procedural due process claim. But assuming the Court was willing to permit Kennedy to amend her complaint after the close of discovery and after the filing of a dispositive motion, she has not provided the Court with evidence or argument sufficient to avoid

9

summary judgment against her on her putative substantive due process claim. As the Seventh Circuit stated in *Centres,* "in order to state a substantive due process claim [in these circumstances], a plaintiff must also allege that some other substantive constitutional right has been violated or that state remedies are inadequate. ... [T]hese requirements impose substantial burdens on the plaintiff, but those burdens are appropriate. Federal courts 'are not zoning boards of appeal.'" *Id.* (citations omitted). In this case, Kennedy has no claim that the Village violated any of her substantive constitutional rights, and the Court has already held that the remedy provided by section 11-31-1(e) is adequate. For this reason, she cannot maintain a substantive due process claim.

## Conclusion

For the reasons stated above, the Court grants in part and denies in part defendants' motion to strike evidence obtained in violation of the Illinois Eavesdropping Statute [Docket Item 27-1] and their motion to strike plaintiff's response to defendant's statement of material facts [26-1 & 26-2]; denies defendants' motion to strike Richard Kennedy's declaration [28-1]; and grants defendants' motion for partial summary judgment [19-1]. The dates for filing the final pretrial order and for trial are vacated. The Clerk is directed to enter judgment in favor of defendants on Count 1 of plaintiff's amended complaint and dismissing Counts 2 and 3 for lack of subject matter jurisdiction.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: August 24, 2001